

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-85,898-01 & -02 & -03 & -04 & -05 & -06

### EX PARTE VAN DRALAN DIXSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W13-00611-M(A) & W13-60099-M(A) & W13-60100-M(A) &
### W13-60101-M(A) & W13-60766-M(A) & W13-60767-M(A)
### IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated sexual assault with a deadly weapon, one count of aggravated sexual assault of a child with a deadly weapon, and two counts of aggravated robbery with a deadly weapon and sentenced to life imprisonment. He did not appeal his convictions.

Applicant contends, among other things, that his pleas were involuntary, and that counsel

rendered ineffective assistance by failing to investigate Applicant's mental health issues and failing to request a competency evaluation.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were involuntary. The trial court shall also make findings of fact and conclusions of law as to whether counsel failed to expand his investigation into Applicant's mental illness and failed to file any motions regarding Applicant's competency or request a competency evaluation. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 9, 2016
Do not publish